UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAYMOND CHESTNUT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:17-cv-00014-JMS-MJD |
| | ) |
| CHARLES DANIELS, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

On December 12, 2016, petitioner Raymond Chestnut filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging 18 separate disciplinary hearings in Case No. 2:16-cv-0459-WTL-DKL. The Court determined that each disciplinary proceeding had the status of a separate court proceeding and ordered that 17 new habeas actions be filed. Thus, this action relates to Mr. Chestnut's challenge to the disciplinary proceeding that commenced with Report No. 2449091.

The respondent filed a return to order to show cause. Mr. Chestnut did not reply and the time to do so has passed. For the reasons explained in this Entry, Mr. Chestnut's habeas petition must be **denied**.

**A.   Legal Standards**

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked." *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner

receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974). In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016).

### B. The Disciplinary Proceeding Regarding Incident Report 2449091

Senior Officer Beaver wrote an Incident Report at USP-Lewisburg on May 26, 2013, which stated as follows:

> On May 26, 2013, at approximately 8:01 a.m., while this officer was conducting cell rotations on D-block second [sic] floor when [sic] this office[r] observed inmate CHESTNUT #13465-171 assault inmate FLUELLEN, CORY #04436-017. Specifically, inmate CHESTNUT #13465-171 was striking inmate FLUELLEN in the head and upper torso with close[d] fist punches while inmate FLUELLEN was in hand restraints. Inmate CHESTNUT refused numerous orders to cease his actions and submit to hand restraints. This officer then called for assistance.

Dkt. 23-13 at 7.

Senior Officer Fisher was assisting Senior Officer Beaver with the cell rotations at the time of the incident. He wrote the following report:

> On the above date [5-26-2013] at approximately 8:01am, I was assisting in the 21 day cell rotation in D-Block, specifically on the third floor at cell 303. As I removed the hand restraints from inmate Chestnut #13465-171, he began to assault inmate Fluellen #04436-017 by striking him in the face and upper torso area with closed fists. Once assistance was called, I gave inmate Chestnut several direct orders to submit to hand restraints but he refused all staff orders. I then administered two, two second bursts of OC spray from my MK-4 dispenser with negative results. He continued to hold inmate Fluellen[']s hand restraints and continued assaulting him. Once inmate Chestnut complied with staff orders and ceased his actions, I then applied hand restraints and assisted in removing him from the cell and escorting him to the third floor shower area where he was

decontaminated due to OC exposure and medically assessed. I sustained no injuries or loss of equipment.

Dkt. 23-13 at 11.

Senior Officer Russo also wrote a memorandum discussing the incident:

> On May 26, 2013 at 8:01 am I was assisting with cell rotations on D-block third floor. I assisted in placing Inmates Fluellen #04436-017 and Chestnut #13465-171 into cell 303. When Officer Fisher removed the hand restraints from inmate Chestnut he immediately began assaulting inmate Fluellen, striking him in the head and upper torso with closed fists. Inmate Fluellen was still restraind [sic] behind the back at this time. I gave the inmate several direct orders to stop fighting with negative results. I then administered 2-2 second bursts from the MK4 which had negative results. Officer Fisher and Officer Pealer also administered 2-2 second bursts from the MK4 with negative results. The Lieutenants arrived and tool control of the situation.

Dkt. 23-13 at 12.

Operations Lieutenant Hunter also responded to the assistance call. Dkt. 23-13 at 14. He was informed that OC spray had been used with negative effects as Mr. Chestnut continued his assault on inmate Fluellen. Lieutenant Hunter then introduced three, five to eight round bursts with the pepper ball launcher, which succeeded in stopping Mr. Chestnut's assault. *Id.* Mr. Chestnut then submitted to restraints. Once restrained, Mr. Chestnut and Fluellen were removed from the cell, decontaminated and medically assessed. *Id.*

Mr. Chestnut was noted to have multiple welts on his back from the use of the pepper ball launcher, but no injuries. Inmate Fluellen sustained several abrasions on his left arm, forehead, right eye, and left hand. *Id.*

Mr. Chestnut was issued a copy of the Incident Report, number 2449091, on May 26, 2013, charging him with Assault, in violation of Code 224 and Refusing to Obey an Order, in violation of Code 307. Dkt. 23-13 at 3, 21.

A hearing was conducted on June 4, 2013. At the onset of the hearing, the Hearing Officer advised Mr. Chestnut of his rights and he indicated he understood them. Dkt. 23-13 at 21-24. During the course of the hearing, Mr. Chestnut was offered the opportunity to present witness testimony, which he chose not to do. *Id.* Officer Coombe appeared as a staff representative on behalf of Mr. Chestnut. *Id.* Mr. Chestnut declined to submit any documentary evidence. *Id.* Mr. Chestnut was also allowed an opportunity to provide a statement, but he chose to make no comment. *Id.*

Upon consideration of the evidence, the Hearing Officer determined that Mr. Chestnut committed the prohibited act of Assault, in violation of Code 224. *Id.* at 22-23. The Hearing Officer listed the specific evidence he relied upon in reaching his determination, which included the Incident Report and the reporting officers' written eyewitness accounts. *Id.*

The Hearing Officer sanctioned Mr. Chestnut as follows for the Code 224 violation: (1) loss of 27 days of good conduct time; (2) forfeiture of 60 days non-vested good conduct time; (3) loss of 120 days commissary privileges; (4) loss of 120 days telephone privileges; and (5) loss of 120 days visiting privileges. *Id.* at 23.

**C.  Analysis**

Mr. Chestnut argues that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) he did not receive a written copy of the Incident Report or notice of the charges prior to the hearing; 2) he was not afforded an opportunity to call witnesses or present documentary evidence in his defense; and 3) after the hearing, he requested a copy of the Hearing Officer's findings and decision but was not provided a copy. Dkt. 6.

The record dispels Mr. Chestnut's first claim. Mr. Chestnut was given a copy of the Incident Report on May 26, 2013, more than 24 hours before the hearing. Dkt. 23-13 at 21. No due process violation occurred under these circumstances.

An inmate's rights to call witnesses and present evidence are not unlimited in a disciplinary setting. "Prison authorities are not compelled to accept requests [to call witnesses] that threaten institutional goals or are irrelevant, repetitive, or unnecessary." *Donelson v. Pfister,* 811 F.3d 911, 918 (7th Cir. 2016) (internal quotation omitted). Here, however, Mr. Chestnut was advised of his rights but requested no witnesses or evidence. Dkt. 23-13 at 21. He exercised his right to make no statement. In his petition, he does not identify any witnesses or evidence that he allegedly requested. Therefore, his claim that he was denied witnesses or evidence is meritless. Under these circumstances, there was no violation of Mr. Chestnut's due process rights.

As to Mr. Chestnut's third claim, he contends that he was denied a copy of the Hearing Officer's decision. He alleges that he was thereby prejudiced by not being able to properly exhaust his administrative remedies. The respondent, however, has not raised failure to exhaust as a defense in this action, so no prejudice can be shown in that regard. Moreover, as the respondent pointed out in the return to order to show cause, Mr. Chestnut has filed at least three other habeas petitions challenging this same incident in other districts, none of which were resolved on the merits, and he has thereby received multiple copies of the Hearing Officer's decision. In light of the lack of prejudice, any possible due process claim results in harmless error. *See Jones,* 637 F.3d at 846-47.

Although Mr. Chestnut does not challenge the sufficiency of the evidence, "a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison,* 820 F.3d at 274. The Court finds that the Incident Report

and other reports from the officers who witnessed the assault satisfy the "some evidence" standard. The Hearing Officer's guilty finding is supported by sufficient evidence.

Mr. Chestnut was given adequate notice and had an opportunity to defend the charge. The Hearing Officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Chestnut's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Chestnut to the relief he seeks. Accordingly, Mr. Chestnut's petition for a writ of habeas corpus relating to Report No. 2449091 must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/23/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND CHESTNUT, 13465-171
EDGEFIELD - FCI
Inmate Mail/Parcels
P.O. BOX 725
EDGEFIELD, SC 29824

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov